UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| FANNIE MAE, | No. C 15-01081 LB |
| Plaintiff, | **ORDER DIRECTING THE CLERK OF THE COURT TO REASSIGN THE ACTION TO A DISTRICT COURT JUDGE** |
| v. | |
| MARQUITA CORDOVA; ROBERT GRIFFIS, | **REPORT AND RECOMMENDATION** |
| Defendants. | [Re: ECF No. 1] |

_____/

**INTRODUCTION**

Plaintiff Fannie Mae (also known as Federal National Mortgage) brought an action for unlawful detainer against defendants Marquita Cordova and Robert Griffis (collectively, "Defendants") in Contra Costa County Superior Court on July 21, 2014. (Notice of Removal, ECF No. 1 at 2.[1]) Defendants removed the case from state court, alleging diversity jurisdiction. (*Id.* at 1, 3.) None of the parties has consented or declined the undersigned's jurisdiction. Upon consideration of the record, the court finds that Plaintiff's unlawful detainer complaint presents only a state claim on its face and that the parties are not diverse. Accordingly, the court finds no basis for federal

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

C 15-01081 LB
ORDER

UNITED STATES DISTRICT COURT
For the Northern District of California

jurisdiction. The court thus orders the Clerk of the Court to reassign the action to a district judge and recommends that the newly-assigned district judge remand the action to Contra Costa County Superior Court.

**STATEMENT**

On July 21, 2014, Plaintiff filed an unlawful detainer action against Defendants in Contra Costa County Superior Court. On or about June, 27, 2014, Plaintiff purchased the home located on 2421 Shawn Dr., San Pablo, CA 94806, at a trustee's sale. Plaintiff alleges that Defendants have occupied the home since the foreclosure sale, despite being served with a three-day notice to quit. Plaintiff served Defendants with the Notice to Quit on July 10, 2014, requiring Defendants to deliver up the property within three days. Plaintiff demands damages of $60.00 per day Defendants occupy the home from the expiration of the Notice to Quit, July 14, 2014, through entry of judgement. Thus, through this action, Plaintiff seeks less than $10,000 in damages.

On March 9, 2015, Defendants removed the action to this court, asserting diversity jurisdiction.

**ANALYSIS**

**I. The Court Lacks Diversity Jurisdiction over the Action**

Federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Additionally, in removal cases where the purported basis of jurisdiction is diversity jurisdiction, removal is not permitted where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action (even if the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b).

First, the amount in controversy does not exceed $75,000. In unlawful detainer actions, the right to possession of the property is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession. *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Superior Ct.*, 67 Cal. App. 3d 162, 170 (1977)). Plaintiff is requesting damages of $60.00 per day, beginning on July 14, 2014. (Complaint, ECF No. 1 at 14.) The amount of damages at issue in this case does not come close to reaching the threshold amount.

C 15-01081 LB
ORDER                                    2

Second, even assuming the threshold amount for diversity jurisdiction were satisfied, removal was not proper because Plaintiff filed suit in California, and Defendants, who are living in Plaintiff's property in San Pablo, are a citizens of California. 28 U.S.C. § 1441(b) prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action.

## II. The Court Lacks Federal-Question Jurisdiction over the Action

Even though the Defendant did not allege federal question jurisdiction, the court still finds that there is no federal question jurisdiction in this case. A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction.[2] 28 U.S.C. 1441(a). The burden is on the removing defendant to prove the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). An actual or anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). Nor can federal-question jurisdiction rest upon an actual or anticipated counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). However, a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Franchise Tax Bd. of California*, 463 U.S. 1 at 22.

Here, Plaintiff alleges a single claim against Defendants for unlawful detainer. (Complaint, ECF

---

[2] District courts have original jurisdiction over cases that arise under the law of the United States. U.S. Const. art. III, § 2, cl.1.

No. 1 at 8.) Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Accordingly, the court finds that there is no federal-question jurisdiction to support removal of this action.

## CONCLUSION

Based on the foregoing, the court orders the Clerk of the Court to reassign this action to a district judge, and recommends that the newly-assigned district court judge remand the action to Contra Costa County Superior Court.

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72. Failure to file an objection may waive the right to review of the issue in the district court.

**IT IS SO ORDERED.**

Dated: March 11, 2015

_____
LAUREL BEELER
United States Magistrate Judge